DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

NATIONSTAR MORTGAGE, LLC,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　　　　　　　　) 　Civil Action No. 2012-0033
　　　　　　　　　　　　　　　　　　　　　　　　　　)
VIRGINIA MARIE FLORIO and　　　　　　　　　)
REEF ASSOCIATES, INC.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　　　　　　)
_____)

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
　　　*For Plaintiff*

**Robert A. Waldman, Esq.,**
St. Croix, U.S.V.I.
　　　*For Defendant Reef Associates, Inc.*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment against Virginia Marie Florio and Motion for Summary Judgment against The Reef Associates, Inc.," filed by Plaintiff Nationstar Mortgage, LLC ("Nationstar") against Defendants Virginia Marie Florio ("Florio") and The Reef Associates, Inc. ("The Reef"). (Dkt. No. 24). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment against Florio and Plaintiff's Motion for Summary Judgment against The Reef.

### I.　BACKGROUND

On March 28, 2012, Nationstar filed a Complaint against Florio and The Reef, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Nationstar

asserts that Florio is the titleholder of record to real property ("the Property") described in the Complaint as:

> Condominium Unit No. 49, Building 1 of The Reef Condominium, Section I, a Condominium established at Plots 19, 22, 23, 25 and 5-K Estate Teague Bay, according to Declaration of Covenants and Protective Restrictions and By-Laws dated July 8, 1971, recorded at the Office of the Recorder Deeds, St. Croix, on July 8, 1971 at Vol. PC 148-M, page 369, as amended, together with a 1.761% undivided interest in the common areas and facilities declared to be appurtenant to said Condominium Unit.

*Id.,* ¶ 6.[1] The Complaint alleges that The Reef was named in this action pursuant to V.I. Code Ann. tit. 28, § 521 because it holds a lien that is subordinate to Nationstar's lien on the Property. *Id.,* ¶ 3.

According to the Complaint, on August 15, 2006, Florio executed and delivered to Schaffer Mortgage Corporation ("Schaffer") a promissory note (the "Note"), which obligated her to pay the principal amount of $140,000.00, together with interest at a rate of 7.875% per annum, in consecutive monthly installments of $1,015.10, beginning October 1, 2006. The Note was subsequently conveyed to Nationstar. *Id.*, ¶¶ 7. To secure payment on the Note, Florio granted to Schaffer and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Schaffer and its successors and assigns, a first priority mortgage dated August 15, 2006 over the Property

---

[1] In the Warranty Deed, the Property is described as:

> Unit No. 49, Building 1 of The Reef Condominium, Section I, a Condominium established at Plots 19, 22, 23, 25 and 5-K of Estate Teague Bay, St. Croix, U.S. Virgin Islands, according to a Declaration of Covenants, Protective Restrictions and By-laws ("Declaration") dated July 8, 1971, filed for record on July 8, 1971 in the Office of the Recorder of Deeds, Christiansted, St. Croix, U.S. Virgin Islands at PC 148-M, page 369, as Document No. 2367, as amended; together with a 1.761% undivided interest in the common areas and facilities declared in the Declaration to be appurtenant to the above described Condominium Unit.

(Deed, Dkt. No. 27-1).

(the "Mortgage"), which provided that Florio would pay to Nationstar the payments due under the Note. *Id.* ¶¶ 9-10. The Mortgage was duly recorded by Schaffer on August 17, 2006. *Id.* ¶ 9.

The Complaint further alleges that, on or about February 1, 2011, Florio defaulted under the terms and conditions of both the Note and the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Nationstar gave notice of default to Florio, advising her that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-15. On September 30, 2011, MERS—for itself and as nominee for Schaffer—assigned its entire interest in the Property to Nationstar (the "MERS Assignment"). *Id.* ¶ 17.

With regard to the debt cause of action, the Complaint provides that Florio owes Nationstar the sum of $133,999.22 in unpaid principal balance; interest from January 1, 2011 to October 1, 2011 of $7,914.33; accumulated late charges of $558.36; escrow advances of $738.70; and corporate advance balance of $351.30; for a total amount due of $143,561.91. *Id.* ¶ 21. Nationstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22-24.

With regard to the foreclosure cause of action, the Complaint provides that Nationstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Florio is in default under the terms and conditions of the Mortgage; and that

3

Nationstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Florio. *Id.* ¶¶ 27-29.

Florio was served with a copy of the Summons and Complaint on April 25, 2012. (Dkt. No. 6). She has neither answered the Complaint nor appeared in this action. On July 23, 2013, Nationstar filed an Application for Entry of Default against Florio. (Dkt. No. 15). The Clerk of Court entered default against Florio on August 12, 2013. (Dkt. No. 17).

On June 27, 2012, The Reef filed an Answer and Cross-Claim against Florio. (Dkt. No. 9). The Reef admitted that it recorded a Notice of Condominium Lien against the Property on August 19, 2011 in the amount of $4,553.06. *Id.* ¶ 18. In its Cross-Claim, The Reef alleged that it had levied assessments, plus interest, against the Property in the amount of $13,644.34 which remained unpaid as of June 25, 2012; that this amount is secured by a lien on the Property prior to all other liens except property taxes and any first priority mortgage lien which may be established in this action; that it is entitled to recover costs of collection; and that on August 18, 2011, it commenced a debt and foreclosure action against Florio in the Superior Court of the Virgin Islands. *Id.*, Cross-Claim, ¶¶ 5-9. By way of its Cross-Claim, the Reef seeks judgment against Florio, foreclosure of the property, costs and expenses, and a deficiency judgment. *Id.* at 6.

On December 27, 2013, Nationstar filed its Motion for Default Judgment against Florio and Summary Judgment against The Reef (the "Motion") (Dkt. No. 24), along with a Memorandum of Law in Support (Dkt. No. 25), a Declaration of Amounts Due (Dkt. No. 26), a Statement of Undisputed Facts (Dkt. No. 27), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 28).

In its Memorandum of Law, Nationstar argues that the procedural elements for default judgment against Florio have been satisfied because: Florio was properly served with copies of the Summons and Complaint; the Clerk entered default against her; and she is not an infant or an incompetent person, nor in the military service. (Dkt. No. 25 at 6). Nationstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: Florio executed the Note and the accompanying Mortgage; Nationstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Florio defaulted under the terms of the Note and the Mortgage; Nationstar gave Florio proper notice of the default and she has failed to cure the default; and Nationstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 6-7. In addition, Nationstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of its Motion for Default Judgment against Florio, Plaintiff filed a Declaration of Amounts Due, signed by April Martin, a loan officer at Nationstar Mortgage, LLC, who reviewed the business records relating to the loan documents executed by Florio. (Dkt. No. 26, ¶ 2). She explained that Nationstar's document management system creates business records at or near the time of the transactions described in them, and that the records are kept in the course of Nationstar's regularly-conducted business. *Id*. ¶ 3. She recounted the history of the loan, from Florio's execution of the documents through default. *Id.* ¶¶ 4-10. The Declaration sets forth the amounts due and owing through December 27, 2013: $133,999.22 in unpaid principal balance; interest from January 1, 2011 through December 27, 2013 of $31,529.63; escrow advances of $2,195.05, consisting of property tax payments; and corporate advances of $514.45, consisting of

5

a Broker's Price Opinion, property inspection, and maintenance; for a total amount due of $168,248.35. *Id.* ¶¶ 11-14. Ms. Martin asserts that interest accrues at the per diem rate of $28.91. *Id.* ¶ 15. She also states that, based on the information she reviewed in connection with the loan, she was not advised that Florio was a minor or an incompetent person. In addition, pursuant to an investigation conducted on October 31, 2013 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that Florio was an active member of the military service. *Id.* ¶ 17, Dkt. No. 26-4.

Nationstar further argues that it is entitled to summary judgment against The Reef. Pointing to the Statement of Undisputed Facts, it contends that it is undisputed that: Florio holds title to the Property; she executed the Note and defaulted on the terms of the Note; she executed and delivered a first-priority Mortgage over the Property; Nationstar holds the Mortgage in its own right and by way of the MERS Assignment; Florio is in default under the terms of the Note and the Mortgage as of February 1, 2011; Nationstar sent notices of default to Florio for payment of the outstanding balance, but the loan remains in default; Nationstar has elected that the entire principal sum with unpaid accrued interest shall be immediately due and payable; and, as of October 31, 2013, the total amount due is $168,248.35. (Dkt. No. 25 at 10-11).

Nationstar adds that, as set forth in the Statement of Undisputed Facts, The Reef recorded a Notice of Condominium Lien against the Property on August 18, 2011 in the amount of $4,553.06; Nationstar's mortgage lien is superior to The Reef's lien because it is a first priority mortgage, pursuant to 28 V.I.C. § 922(a); The Reef has not asserted any defenses to undermine Nationstar's first priority position; and because Nationstar's mortgage lien is superior to The Reef's lien, The Reef's lien may also be foreclosed. *Id.* at 11-12.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Nationstar's Counsel, A. Jennings Stone, Esq., averred that he billed at $250.00 per hour on this matter, and that paralegals Carol Hart and Lola Pierre billed at $125.00 per hour. (Dkt. No. 28). He attached billing records showing that the total time spent on this matter was 17.60 hours through December 27, 2013; that the total amount of attorney's fees incurred was $3,900.00; and that the total amount of costs expended was $881.61. *Id.*; Dkt. No. 28-1.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer*, __ F. App'x __, 2014 WL 2783722, at *2 (3d Cir. June 20, 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May

7

28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### B. Summary Judgment

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In

reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

To succeed on a debt and foreclosure action under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (citing *Thompson v. Fla. Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Notwithstanding that The Reef failed to respond to Nationstar's Motion for Summary Judgment, the Court may not simply grant Nationstar's motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

### III. ANALYSIS

**A. Default Judgment Against Virginia Marie Florio**

Nationstar has satisfied all of the requirements necessary to obtain a default judgment against Florio. It has shown that: (1) default was entered against Florio by the Clerk of Court (Dkt. No. 17); (2) Florio has not appeared; (3) Florio is neither an infant nor an incompetent person (Dkt. No. 26, ¶ 17); and (4) Florio was validly served with process. (Dkt. No. 8). In addition, Nationstar provided copies of Military Status Reports from the Department of Defense Manpower Data Center showing that Florio is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 26-4). Nationstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 26).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Nationstar resulting from Florio's breach of her contractual obligations, together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. In addition, Florio's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

B. **Summary Judgment Against The Reef**

Nationstar also moves for summary judgment against The Reef, arguing that there is no genuine issue of material fact that Nationstar's lien is senior to The Reef's lien. The Reef did not file an opposition to Nationstar's Motion for Summary Judgment.

Virgin Islands law provides:

> [w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.

28 V.I.C. § 533. Moreover, with regard to condominium liens, Virgin Island law provides:

> All sums assessed by the [condominium association] but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except . . . all sums unpaid on a first mortgage of record.

28 V.I.C. § 922(a).

The Court finds that, by operation of law, specifically 28 V.I.C. § 922(a), Nationstar's Mortgage lien is superior to The Reef's lien because it is a first priority mortgage lien. The Reef does not dispute this fact.[2]

---

[2] In addition, Nationstar's lien was recorded in August 2006, years before The Reef's lien was recorded in August 2011. The Virgin Islands is a race notice jurisdiction. *Brodhurst v. Frazier*, 2012 WL 8123137, at *4 (V.I. Terr. Ct. Sept. 12, 2012). This means that "'as between two competing parties[,] the interest of the party who first records the instrument will prevail.'" *Moco Investments, Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010) (citation omitted); *see also* Restatement (Third) of Property: Mortgages § 7.1 cmt. a (2012) ("Generally, the priority of mortgages and other interests in real estate is determined by the chronological order of their creation."). Thus, Nationstar's Mortgage lien would be superior to The Reef's lien even in the absence of the statutory provision.

Because Nationstar's lien is superior to that of The Reef, The Reef's lien may be foreclosed. 28 V.I.C. § 533. The Court will therefore grant summary judgment in favor of Nationstar on its claim of lien priority over The Reef.

### C. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 26-1, ¶ 6(E); Dkt. No. 26-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

 "To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Nationstar seeks $3,900.00 in attorney's fees as compensation for 17.60 hours of work billed in this matter. This amount is somewhat higher than billed in a run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Flagstar Bank FSB v. Rivers,* No. 12-cv-93 (D.V.I. Mar. 18, 2014) (awarding $2,107.50 in attorney's fees where counsel spent a total of 10.00 hours on the case); *Flagstar Bank FSB v. Ramsey*, No. 12-cv-59 (D.V.I. Mar. 5, 2014) (awarding $1,607.50 in attorney's fees where counsel spent a total of 8.25 hours on the case); *Flagstar Bank FSB v. Roberts*, No. 12-cv-19 (D.V.I. Feb. 25, 2014) (awarding $1,902.50 in attorney's fees where counsel spent a total of 10.25 hours on the case). This case, however, required Nationstar to file a Motion for Summary Judgment against a second Defendant, The Reef, concerning the priority of liens. Consequently, the Court finds the amount of attorney's fees requested is reasonable, given the additional work required of Nationstar's attorney in litigating this case.

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). More specifically, Nationstar has provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 25-1 25-2, 25-3). The Court therefore concludes that the $250.00 per hour rate charged by Nationstar's attorney is reasonable and falls within the scope of rates for such services. .

Based on the foregoing, the Court concludes that the $3,900.00 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Note, Florio agreed to pay "all of [Nationstar's] costs and expenses in enforcing this Note to the extent not prohibited by applicable law." (Dkt. No. 26-1, ¶ 6E). In addition, under the terms of the Mortgage, Florio agreed to "pay[] all expenses incurred in enforcing this Security Instrument . . . " (Dkt. No. 26-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs).

The Bank is seeking reimbursement of $818.61 for the following costs: recording fees; on-line search on Accurint (People/Business search); title search; filing fees for Complaint; messenger service; postage; and process server. (Dkt. No. 28-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $818.61.

### III. CONCLUSION

Nationstar has satisfied the requirements necessary for entry of a default judgment against Virginia Marie Florio. Accordingly, Plaintiff's Motion for Default Judgment against Florio (Dkt. No. 24) will be granted.

Nationstar has also shown that it is entitled to summary judgment on the priority of its lien against Defendant The Reef. Specifically, the Court finds that Nationstar's Mortgage lien covering the Property is a first priority lien and The Reef's lien is second in priority.

14

Accordingly, Nationstar's Motion for Summary Judgment as to The Reef will be granted. (Dkt. No. 24).

As part of the Judgment, the Court will award a total of $4,718.61 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: July 1, 2014  _____/s/_____
  WILMA A. LEWIS
  Chief Judge